SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Lucienna Gelinas and Gina Leone,

        Plaintiffs,

v.

Financial Recovery Services, Inc., LVNV Funding, LLC,
Resurgent Capital Services, L.P. and
Sherman Financial Group, LLC,

        Defendants.

Index Number: 802051/2013

Statement of Service by Mail and
Acknowledgement of Receipt by Mail
of Summons and Complaint

---

## A. STATEMENT OF SERVICE BY MAIL

To: Financial Recovery Services, Inc.

The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

B. ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

I received a summons and complaint in the above-captioned matter at 4900 Viking Drive, Edina, MN 55435.

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. / / I am not in military service.
2. / / I am in military service, and my rank, serial number and branch of service are as follows:

Rank:_____ Serial number:_____

Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date:_____
        (Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.

_____ Signature

_____ Print name

_____ Name of Defendant for which acting

_____ Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES BY MAIL.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Lucienna Gelinas and Gina Leone,

        Plaintiffs,

v.

Financial Recovery Services, Inc., LVNV Funding, LLC,
Resurgent Capital Services, L.P. and
Sherman Financial Group, LLC,

        Defendants.

Index Number: 802051/2013

Statement of Service by Mail and
Acknowledgement of Receipt by Mail
of Summons and Complaint

---

A. STATEMENT OF SERVICE BY MAIL

To: Financial Recovery Services, Inc.

The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

1

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

B. ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

I received a summons and complaint in the above-captioned matter at 4900 Viking Drive, Edina, MN 55435.

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. / / I am not in military service.
2. / / I am in military service, and my rank, serial number and branch of service are as follows:

Rank:_____ Serial number:_____

Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date:_____
       (Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.

_____ Signature

_____ Print name

_____ Name of Defendant for which acting

_____ Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES BY MAIL.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Lucienna Gelinas and Gina Leone,

                          Plaintiff(s),

-against-

Financial Recovery Services, Inc., LVNV Funding, LLC,
Resurgent Capital Services, L.P. and
Sherman Financial Group, LLC,

                          Defendant(s).

Index No. 802051/2013

**Summons**

Date Index No. Purchased:  October 4, 2013

To the above named Defendant(s)

Financial Recovery Services, Inc., 4900 Viking Dr., Edina, MN 55435, LVNV Funding, LLC, c/o Corporation Service Company, 80 State St., Albany, NY 12207, Resurgent Capital Services, L.P., c/o CT Corporation System, 111 Eighth Ave., New York, NY 10011, and Sherman Financial Group, LLC, c/o Corporation Service Company, 80 State St., Albany, NY 12207

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is plaintiffs' residence which is 136 Stafford Rd., Buffalo, NY 14216 and PO Box 714, Getzville, NY 14068

Dated: Getzville, NY

October 4, 2013

                          Law Office of Cyrus B. Chubineh

                          by /s/ Cyrus B. Chubineh
                          Cyrus B. Chubineh, Esq.
                          Attorneys for Plaintiff
                          Lucienna Gelinas and Gina Leone

                          2655 Millersport Hwy #714
                          Getzville, NY 14068

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Lucienna Gelinas and Gina Leone,

        Plaintiffs,

v.

Financial Recovery Services, Inc., LVNV Funding, LLC,
Resurgent Capital Services, L.P. and
Sherman Financial Group, LLC,

        Defendants.

Index Number: 802051/2013

Complaint

---

## INTRODUCTION

1. Plaintiffs Lucienna Gelinas and Gina Leone bring this action for statutory damages resulting from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA is a law prohibiting the deceptive and harassing collection of consumer debts.

## PARTIES

2. Plaintiffs are natural persons residing in the County of Erie, State of New York.

3. Plaintiff Lucienna Gelinas is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Gina Leone obtained permission from Lucienna Gelinas to negotiate on her alleged debts. When discussing with debt collectors, Gina Leone stands in the shoes of Lucienna Gelinas and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Financial Recovery Services, Inc. (hereinafter "FRS") is a foreign business corporation organized and existing under the laws of the State of Minnesota.

6. FRS regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Resurgent Capital Services, L.P. (hereinafter "Resurgent") is a foreign limited partnership organized and existing under the laws of the State of Delaware.

8. Resurgent regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant LVNV Funding, LLC (hereinafter "LVNV") is a foreign limited liability company organized and existing under the laws of the State of Delaware.

10. LVNV regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant Sherman Financial Group, LLC (hereinafter "SFG") is a foreign limited liability company organized and existing under the laws of the State of Delaware.

12. SFG regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. LVNV, Resurgent, and SFG operate as a single debt buying enterprise where SFG owns 100% of the shares and interests in LVNV and Resurgent, SFG handles management issues, LVNV holds title to various debt portfolio it purchased, and Resurgent performs front end contact with consumers. All three companies are thoroughly enmeshed in the debt collection business and significant participants with each other in the debt collection process and are separately and vicariously liable for the actions of their related entities.

14. Any and all acts of the Defendants hereinafter alleged were performed by Defendants' employees while under the scope of the Defendants' actual or apparent authority.

15. Any and all references to "Defendants" herein shall include the Defendants and/or employees of the Defendants.

## JURISDICTION AND VENUE

16. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. 1692k(d) which states State and Federal Courts have concurrent jurisdiction over private civil actions under the FDCPA.

17. This honorable Court possesses jurisdiction over defendants pursuant to N.Y. C.P.L.R. § 302 because defendants transact business within the State of New York.

18. Venue is proper in this Court pursuant to N.Y. C.P.L.R. § 503 because plaintiffs are residents of the County of Erie, State of New York.

## FACTUAL ALLEGATIONS

19. Defendants alleged Lucienna Gelinas incurred a debt. Said debt will hereinafter be referred to as "the subject debt".

20. The subject debt is an alleged obligation of Lucienna Gelinas to pay money for transactions primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. After Lucienna Gelinas allegedly defaulted on the subject debt, but prior to October 17, 2012, LVNV purchased the subject debt.

22. After purchasing the subject debt, but prior to October 17, 2012, LVNV placed the subject debt with Resurgent for collection.

23. On or about October 17, 2012, FRS mailed to Lucienna Gelinas a collection letter (hereinafter "Letter 1") requesting payment of the subject debt.

24. In Letter 1, FRS identified LVNV as the current creditor-debt purchaser of the subject debt.

25. In Letter 1, FRS identified Resurgent as the current servicer of the subject debt.

26. In Letter 1, FRS included a privacy notice drafted by and from SFG stating the relationship of LVNV and Resurgent to each other and SFG.

3

38. In Call 2, Gina Leone spoke with a male employee identifying himself as Kevin Omeara.

39. In Call 2, Kevin Omeara stated the settlement offers made in Letter 2 expired on January 17, 2013.

40. Said statement contradicts the absence of an expiration date for the offers made in Letter 2.

41. In Call 2, Kevin Omeara stated he would approve a settlement of $376.11, but that was the best offer he would ever make and was valid only for the month of January.

42. After making said offer in Call 2, Kevin Omeara offered settlements of $300.88 and $225.66 to settle the subject debt.

43. Kevin Omeara's second and third offers contradict his earlier statement that he would never offer a settlement lower than his initial offer.

44. In Call 2, Kevin Omeara stated in order to receive the settlement offer, payment was required exclusively by check by phone or credit card by phone at an additional transaction fee of five dollars and twenty five dollars respectively.

45. On or about January 22, 2013, FRS emailed to Gina Leone a letter (hereinafter "Letter 6").

46. In Letter 6, FRS stated payment for the settlement could be made by overnight delivery and provided an address to mail in payment.

47. Said statement contradicts Kevin Omeara's statement during Call 2 that the settlement payment was required to be made by check over the phone or by credit card over the phone.

48. On or about January 22, 2013, Gina Leone contacted Resurgent by telephone (hereinafter "Call 3").

49. In Call 3, Gina Leone spoke with a male employee identifying himself as Josh.

5

50. In Call 3, Josh attempted to collect the subject debt.

51. In Call 3, Josh disclosed the subject debt to an unauthorized third party.

52. In Call 3, or within 5 days afterward in writing, Resurgent failed to state that unless Lucienna Gelinas, within thirty days of receipt of this notice, disputes the validity of the subject debt, or any portion thereof, the debt would be assumed to be valid by Resurgent.

53. In Call 3, or within 5 days afterward in writing, Resurgent failed to state that if Lucienna Gelinas notifies Resurgent in writing within thirty days of receipt of this notice, that the subject debt, or any portion thereof is disputed, Resurgent would obtain verification of the debt or a copy of a judgment against Lucienna Gelinas and a copy of such verification or judgment would be mailed to Lucienna Gelinas by Resurgent.

54. In Call 3, or within 5 days afterward in writing, Resurgent failed to state that upon Lucienna Gelinas' written request within thirty days of receipt of this notice, Resurgent would provide Lucienna Gelinas with the name and address of the original creditor, if different than the current creditor.

55. On or about February 2, 2013, FRS contacted Gina Leone by telephone (hereinafter "Call 4").

56. In Call 4, Kevin Omeara offered to settle the subject debt for $150.00.

57. On or about June 14, 2013, FRS mailed to Lucienna Gelinas a letter (hereinafter "Letter 7").

58. In Letter 7, FRS offered to settle the subject debt for $196.08

59. FRS and Resurgent directly and indirectly conveyed information regarding the subject debt in Letters 1 through 7 and Calls 1 through 4 and they are therefore "communications" as that term is defined by 15 U.S.C. § 1692a(2).

## CAUSES OF ACTION

60. The aforementioned acts by defendants violated the FDCPA as follows:

61. FRS violated 15 U.S.C. § 1692e and e(10) against both plaintiffs in Call 2 by stating the settlement offers made in Letter 2 expired on January 17, 2013. Said statement is false, deceptive, and misleading.

62. FRS violated 15 U.S.C. § 1692e and e(10) against both plaintiffs in Call 2 by initially stating the initial settlement offer made in Call 2 would be the lowest offer made, but then subsequently offering lower settlement amounts in Call 2, Call 4, Letter 6, and Letter 7. Said statement is false, deceptive, and misleading.

63. FRS violated 15 U.S.C. § 1692e and e(10) against both plaintiffs in Call 2 by stating the settlement offer could only be accepted if payment were made by check over the phone or credit card over the phone. Said statement is false, deceptive, and misleading since FRS stated in Letter 6 that payment could be made by mail.

64. Resurgent violated 15 U.S.C. § 1692c(b) against both plaintiffs in Call 3 by disclosing the subject debt to an unauthorized third party.

65. Resurgent violated 15 U.S.C. § 1692g(a)(3) against both plaintiffs by failing to state in Call 3, or within 5 days afterward in writing, that unless Lucienna Gelinas, within thirty days of receipt of this notice, disputes the validity of the subject debt, or any portion thereof, the debt would be assumed to be valid by Resurgent.

66. Resurgent violated 15 U.S.C. § 1692g(a)(4) against both plaintiffs by failing to state in Call 3, or within 5 days afterward in writing, that if Lucienna Gelinas notifies Resurgent in writing within thirty days of receipt of this notice, that the subject debt, or any portion thereof is disputed, Resurgent would obtain verification of the debt or a copy of a judgment against Lucienna Gelinas and a copy of such verification or judgment would be mailed to Lucienna Gelinas by Resurgent.

67.     Resurgent violated 15 U.S.C. § 1692g(a)(5) against both plaintiffs by failing to state in Call 3, or within 5 days afterward in writing, that upon Lucienna Gelinas' written request within thirty days of receipt of this notice, Resurgent would provide Lucienna Gelinas with the name and address of the original creditor, if different than the current creditor.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request this court grant the following relief:

a)    Statutory damages of $1,000.00 per plaintiff against each defendant for Lucienna Gelinas pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b)    Costs and disbursements of this action along with reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c)    Any and all additional relief as this Court deems just and proper.

Dated: Getzville, NY
       October 4, 2013

/s/ Cyrus B. Chubineh
Cyrus B. Chubineh, Esq.
Law Office of Cyrus B. Chubineh
2655 Millersport Hwy. #714
Getzville, NY 14068
Tel: (716) 864-0715
Fax: (716) 478-8540
chubineh@yahoo.com
*Attorneys for Plaintiffs*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE
-----------------------------------------------------X

Lucienna Gelinas and Gina Leone,

                Plaintiff(s)/Petitioner(s),                Index No. 802051/2013

          - against -
Financial Recovery Services, Inc., LVNV Funding, LLC,
Resurgent Capital Services, L.P. and
Sherman Financial Group, LLC,
                Defendant(s)/Respondent(s).
-----------------------------------------------------X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

       PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

       Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 10/7/2013

/s/ Cyrus B. Chubineh    (Signature)
Cyrus B. Chubineh    (Name)
Law Office of Cyrus B. Chubineh   (Firm)
2655 Millersport Hwy. #714    (Address)
Getzville, NY 14068
Attorney(s) for Plaintiffs

(716) 864-0715    (Phone)
(716) 478-8540    (Fax)
chubineh@yahoo.com    (E-mail)

2/11/13

2